John Cahill, as Executor, etc., of Elizabeth Broderick, Deceased, Respondent, *v.* Joseph H. Brennan, an Infant, etc., Appellant, Impleaded with Mary A. Russell and Others, Respondents.

*Leasehold — personal property — testamentary power to sell real estate.*

A leasehold is personal property for testamentary purposes.

A leasehold, held by a testator at the time of his death, being personal property, vests in the executor and is to be applied in the usual course of administration of the testator's estate.

A power of sale of real estate, under a will, is not to be inferred from the single fact that the will gives legacies which in the aggregate exceed the value of the testator's personal estate.

Nor is such power of sale conferred by, or to be inferred from the words, " Until the sale and conveyance of said premises by my executor as hereinafter provided," in a devise of the use of certain real estate, when no further provision for the sale or conveyance of the premises is contained in the will.

Appeal by the defendant, Joseph H. Brennan, an infant, by Terrence P. Brennan, his guardian *ad litem*, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 2d day of February, 1893, upon a decision of the court rendered at the New York Special Term.

The action was brought by the executor of the last will and testament of Elizabeth Broderick, deceased, for the purpose of obtaining a judicial construction of the will, especially with reference to the question of whether or not it was the intention of the testatrix that the executor should sell the real estate of which she died seized, or, at least, that portion thereof known as No. 227 East Fifty-second street in the city of New York, and for the purpose of determining the amount due to the defendant, Joseph H. Brennan, a grandson of the testatrix, by reason of the lien or charge created on the leasehold property described in the complaint, by the will of his grandfather, the husband of the testatrix, said charge, amounting to $399 per year, commencing in his favor at the death of his mother, Elizabeth T. Brennan, which death occurred June 1, 1881, and no part of it having been paid by the testatrix to the said defendant for the period between the death of his mother, June 1, 1881, and the death of the testatrix, December 11, 1890.

The leasehold property consisted of the premises at the corner of First avenue and Fifteenth street in the city of New York, leased from the Astor estate, under a lease in the usual form used by that estate, executed on April 6, 1850, and which provided for two renewals of twenty years each, the last lease expiring May 1, 1910. Buildings had been erected on the premises by the then tenant, Cornelius Broderick, the husband of the testatrix, and the lease pro- vided that such buildings were to become the property of the land- lord at the expiration of the term.

The subject of the leasehold was passed upon in the opinion of the trial judge (PATTERSON, J.), as follows:

" The leasehold is personal property. It was so at common law, and the legislation of this State has not altered its legal quality. Under the Revised Statutes, leases for years, lands held by a dece- dent from year to year and estates *per autre vie*, go as assets to an executor or administrator. By the Code of Civil Procedure, the term " real property " includes leasehold estates where there is an unexpired term of five years, and also embraces buildings erected on the land; but the provisions of the Code do not change the nature of a leasehold. It is only for the purpose of enforcing a remedy by sale under execution, and to provide for redemption, that a lease- hold is classified as real estate. It certainly cannot be held that, by the act of 1837, chapter 462 (which is the original statute from which section 1430 was taken), it was intended to change the inherent character of a leasehold, and while such leasehold savors of realty, it always, as a chattel real, went to the executor. (*People ex rel. Higgins* v. *McAdam*, 84 N. Y. 294; *Despard* v. *Churchill*, 53 id. 199.)

*G. W. Cotterill*, for the appellant.

*C. Elliott Minor*, for plaintiff-respondent.

*C. N. Morgan*, guardian *ad litem* and of counsel for infant defendant Manning, respondent.

INGRAHAM, J.:

The action was brought to obtain a judicial construction of the will and codicils of Elizabeth Broderick, deceased. The judgment of the court below held that the true intent and meaning of the will

gave to the plaintiff, as executor, the right and power to sell the real property owned by the deceased, known as No. 227 East Fifty-second street in the city of New York, for the purpose of applying the proceeds of such sale to the payment of the debts of the deceased, and to the payment of the legacies given by the will and codicils; that it was the intention of the deceased to convert said real estate into personal property, and that the direction to sell had the effect of making the same personal property for the purposes aforesaid. It was further held that the unexpired term of certain leasehold premises held by the testatrix was personal property, and that this appellant had a lien on said leasehold premises for the sum of $399 per annum; and the judgment directed the plaintiff, in selling said leasehold premises, to pay to said infant appellant a sum sufficient to extinguish such lien.

The infant appellant appeals from all of the judgment, except that part which adjudges that the defendant Brennan has a lien on the leasehold premises. There is no appeal from the provisions of the judgment holding that Joseph H. Brennan has such a lien on the leasehold premises, and that question is not before us for review.

The court below held that there was no general power of sale of all the real estate given to the executor; that the legacies were not a charge upon the real estate, and that the leasehold was personal property. We agree with the court below that the leasehold is personal property, and as such vested in the executor, to be applied in the usual course of administration of the estate. We also agree with the court below in the determination that the legacies are not a charge upon the real estate of the testatrix, and that there is no general power of sale contained in the will.

The remaining question to be determined is, whether there is a special power of sale as to the premises No. 227 East Fifty-second street, and an equitable conversion of said premises into personal property. The provision from which the court below inferred this power of sale is the second clause of the will. It is there provided:

"Until the sale and conveyance of said premises by my executor as hereinafter provided, I give and devise unto my sister, Catherine Denny, the use of the top floor of house and premises Number 227 East Fifty-second street, New York City, free of rent."

There is no provision in the will by which the executor was

authorized to sell and convey this piece of property, and this power of sale must be implied, if at all, from this single provision, coupled with the fact that the will and codicils gave legacies which in the aggregate largely exceed the value of the personal estate of the testatrix.

It seems to us very clear that the court cannot infer a power of sale from this latter fact alone. For if that can be so in every case in which legacies are given in excess of the personal property where the testator leaves real estate, the legacies would be a substantial charge upon the real estate. This would be contrary to the settled rule in this State that legacies are not such a charge, unless it expressly appears in the will that it was the intention of the testator to make them a charge upon real estate. We think that the second clause of the will standing alone cannot be said, either expressly or by inference, to give to the executor a power of sale In the first place, the very language used contemplates a further provision in the will as to such sale. The words are " until the sale and conveyance of said premises by my executor, as hereinafter provided, I give and devise," etc. Just what sale or conveyance was in the mind of the draftsman who prepared this clause is not apparent. The conditions upon which the sale was to be made do not appear, but it is perfectly clear that it was a sale to be thereafter provided that was intended, and not that the testatrix intended by the language used in this clause of the will to authorize a sale. It might be that she intended, if it became necessary, to subsequently authorize her executor by a codicil to sell ; but that before such codicil was executed she changed her mind, and that this condition was annexed to the devise to her sister, so that such devise would not prevent the proper execution of any power to sell that she should subsequently wish to give. We cannot tell what authority to sell the testatrix intended to give to her executor, or what conditions she intended to impose upon the exercise of that power. We know that she never did give her executor an express power of sale ; and to say that the testatrix intended to give a power of sale by language which limited a devise to the time that the property should be sold as afterwards provided, would be to imply such intention from words that mean the exact contrary, would be to say that she intended to grant a power of sale by the clause in question, when by the words used she said she intended thereafter in the instrument to give a power of sale.

We think, therefore, that there was no power of sale contained in the will in question, and that the judgment must be modified by so declaring, and as modified affirmed, with costs to the plaintiff and the infant appellant, to be paid out of the estate.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment modified as directed in opinion, and as modified affirmed, with costs to the plaintiff and the infant appellant, to be paid out of the estate.